Dear Mr. Irby:
You ask substantially the following question:
Are jurors' names and addresses exempt from public disclosure under section 322.20(9), Florida Statutes?
Pursuant to section 40.011(1), Florida Statutes, the Department of Highway Safety and Motor Vehicles (department) is required to deliver quarterly to the clerk of the circuit court in each county a list of names of persons who reside in each county, who are 18 years of age or older and for whom the department has a driver's license or identification card record. These names, along with those qualified persons who do not appear on the department's list but who have indicated a desire to serve by filing a sworn statement with the clerk of courts, are used to generate a jury list from which persons for jury service are drawn.[1]
Section 322.20(9), Florida Statutes (2004), provides:
 "The department may, upon application, furnish to any person, from the records of the Division of Driver Licenses, a list of the names, addresses, and birth dates of the licensed drivers of the entire state or any portion thereof by age group. In addition, the department may furnish to the courts, for the purpose of establishing jury selection lists, the names, addresses, and birth dates of the persons of the entire state or any portion thereof by age group having identification cards issued by the department. Each person who requests such information shall pay a fee, set by the department, of 1 cent per name listed, except that the department shall furnish such information without charge to the courts for the purpose of jury selection or to any state agency or to any state attorney, sheriff, or chief of police. Such court, state agency, state attorney, or law enforcement agency may not sell, give away, or allow the copying of such information. Noncompliance with this prohibition shall authorize the department to charge the noncomplying court, state agency, state attorney, or law enforcement agency the appropriate fee for any subsequent lists requested. The department may adopt rules necessary to implement this subsection." (e.s.)
The plain language of the statute allows the Department of Highway Safety and Motor Vehicles to give identifying information to the courts for the purpose of establishing jury selection lists, but prohibits the courts from selling, giving away, or allowing the copying of such information. In the context that the statute provides a means for the department to sell names to any person, with no mention of a limitation on the individual's subsequent use of such information, it would appear that the limitation on the courts' ability to sell, give away, or allow the copying of such information operates as a protection of the department's revenue-generating ability rather than making such information confidential. Section 322.20(8), Florida Statutes, however, recognizes that the department's ability to release records is otherwise governed by section 119.07(6), Florida Statutes.
Section 119.07(6)(aa), Florida Statutes (2004),[2] states:
 "Personal information contained in a motor vehicle record that identifies the subject of that record is exempt from subsection (1) and s. 24(a), Art. I of the State Constitution except as provided in this paragraph. Personal information includes, but is not limited to, the subject's social security number, driver identification number, name, address, telephone number, and medical or disability information. . . . Personal information contained in motor vehicle records exempted by this paragraph shall be released by the department for any of the following uses:
* * *
 2. For use by any government agency, including any court or law enforcement agency, in carrying out its function, or any private person or entity acting on behalf of a federal, state, or local agency in carrying out its functions."
This recognizes that personal information in motor vehicle records may be released to the courts in order to carry out the clerk's statutory duty to generate a jury list. It is clear that the list of names from the department is protected from being sold or disseminated,[3] but the further use of such information by the clerk in generating a jury list does not appear to be subject to the same restrictions.
In Attorney General Opinion 2004-54, this office recognized that personal information obtained from the department by a law enforcement agency pursuant to one of the enumerated approved uses would maintain its protected status.[4] In that opinion, a sheriff had asked whether the protections of section 119.07(6)(aa), Florida Statutes, allowed the sheriff's office to exempt driver identification numbers and other identifying information that may be present in records of the sheriff's department. It was concluded that the plain language of section119.07(6)(aa), affects only personal information contained in a motor vehicle record and would not extend to the records of other public agencies.
In this instance, while the list of names obtained from the Department of Highway Safety and Motor Vehicles is afforded the protections of section 119.07(6)(aa) and section 322.20(9), Florida Statutes, such protections do not extend to a jury list created by the clerk of the court pursuant to his or her duties under Chapter 40, Florida Statutes. The jury list is separate and distinct from the list of names obtained from the department and is created by the clerk in carrying out statutorily prescribed duties relating to the judicial branch. It is well established that judicial records are not subject to the Public Records Law and that the judiciary controls access to its own records through the Florida Rules of Judicial Administration.[5] In reviewing these rules, I have not found any provision that makes a jury list confidential or exempts such a list from public disclosure, nor has any such provision been brought to this office's attention.
In Kever v. Gilliam,[6] the First District Court of Appeal was unable to find any basis for denying the release of names and addresses of the jurors who served in a trial. While the opinion does not specifically address the provisions in sections 119.07(6) and 322.20(9), Florida Statutes, the conclusion reached in the opinion is consistent with a finding that restrictions on the dissemination of personal information contained in those sections do not affect the disclosure of jurors names.
Accordingly, consistent with the decision in Kever v. Gilliam, it is my opinion that section 322.20(9), Florida Statutes, does not operate to exempt from public disclosure jurors' names and addresses appearing on a jury list compiled by the clerk of court.
Sincerely,
 Charlie Crist, Attorney General
CC/tls
[1] See s. 40.02, Fla. Stat.
[2] Effective October 1, 2005, s. 119.07(6)(aa), Fla. Stat., is transferred, redesignated as subsection (2) of section 119.0712, Fla. Stat., and amended in a manner that does not affect its application in this instance. See Ch. 2005-251, Laws of Fla.
[3] See s. 40.02(2), Fla. Stat., stating that "[t]he clerk of the court shall be responsible for preserving the security of the jury lists."
[4] See also Ragsdale v. State, 720 So. 2d 203 (Fla. 1998) (applicability of particular exemption is determined by the document being withheld, not by the identity of the agency possessing the record).
[5] See Fla. Rules Judicial Admin. 2.051.
[6] 886 So. 2d 263 (Fla. 1st DCA 2004).